UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS OLSON,

              Plaintiff,                        Hon. Ellen S.  Carmody

v.

                                        Case No. 1:14-cv-1015

COMMISSIONER OF
SOCIAL SECURITY,

              Defendant.

_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.

§ 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim

for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  On December 10,

2014, the parties agreed to proceed in this Court for all further proceedings, including an order of

final judgment.  (Dkt. #9).  Section 405(g) limits the Court to a review of the administrative record

and provides that if the Commissioner's decision is supported by substantial evidence it shall be

conclusive.  The Commissioner has found that Plaintiff is not disabled within the meaning of the

Act.  For the reasons stated below, the Court concludes that the Commissioner's decision is not

supported by substantial evidence.  Accordingly, the Commissioner's decision is **reversed and this**

**matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial

interference.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

### PROCEDURAL POSTURE

Plaintiff was 55 years of age on his alleged disability onset date.  (Tr. 192).  He successfully completed college and worked previously as a night manager and teacher consultant.  (Tr. 21, 32).  Plaintiff applied for benefits on November 30, 2011, alleging that he had been disabled since December 31, 2010, due to degenerative disc disease, arthritis, kidney disease, anxiety, depression, and sleep apnea.  (Tr. 127-33, 170).  Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 67-126).  On June 18, 2013, Plaintiff appeared before ALJ Robert Senander with testimony being presented by Plaintiff, a vocational expert, and a medical expert.  (Tr. 27-66).  In a written decision dated July 22, 2013, the ALJ determined that Plaintiff was not disabled.  (Tr. 12-22).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 7-11).  Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2012.  (Tr. 14).  Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that he became disabled prior to the expiration of his insured status.  *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

---

[1] 1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5.   If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that through the date Plaintiff's insured status expired he suffered from: (1) degenerative disc disease of the lumbar spine; (2) arthritis; (3) stage 3 kidney disease; (4) kidney stones; (5) sleep apnea; and (6) right great toe amputation, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 14-17).

With respect to Plaintiff's residual functional capacity, the ALJ determined that through November 12, 2012, Plaintiff retained the ability to perform light work subject to the following limitations: (1) he could lift 10 pounds frequently and 20 pounds occasionally; (2) during an 8-hour workday, he could stand, walk, and sit for 6 hours each; and (3) he could only occasionally stoop, kneel, crawl, and climb ladders, ropes, scaffolds, ramps, and stairs. (Tr. 17). The ALJ further determined that as November 13, 2012, Plaintiff retained the capacity to perform sedentary work subject to the following limitations: (1) he can lift/carry 10 pounds frequently; (2) during an 8-hour workday, he can stand/walk for 2 hours and sit for 6 hours; (3) he can never climb ladders, ropes, or scaffolds; (4) he can only occasionally stoop, kneel, crouch, or climb ramps/stairs; and (5) he must avoid all exposure to unprotected heights. (Tr. 17).

A vocational expert testified that if Plaintiff was limited to the extent reflected in the ALJ's subsequent, more restrictive, RFC finding he would be able to perform his past relevant work as a teacher consultant. (Tr. 60-61). Based on this testimony, the ALJ determined that Plaintiff was not entitled to disability benefits.

I.          **Dr. Makowski's Statement**

On April 9, 2012, Dr. David Makowski, one of Plaintiff's treating physicians, provided a brief statement to Plaintiff's counsel.  (Tr. 374-75).  The doctor identified the various impairments from which Plaintiff suffers.  (Tr. 374-75).  The doctor asserted that Plaintiff, when "he passes kidney stones," experiences "very significant pain."  (Tr. 375).  The doctor also stated that he was "not surprised to hear" that Plaintiff had asserted that he would be unable to maintain a regular work schedule due to his many impairments.  (Tr. 375).  The ALJ afforded limited weight to Dr. Makowski's statement.  (Tr. 20-21).  Plaintiff argues that he is entitled to relief because the ALJ's rationale for discounting Dr. Makowski's opinions is not supported by substantial evidence.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition.  *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).  An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record."  *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data."  *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)).  The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial

medical evidence.  *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991

WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*,

839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284,

286-87 (6th Cir. 1994).

    If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ

must "give good reasons" for doing so.  *Gayheart*, 710 F.3d at 376.  Such reasons must be

"supported by the evidence in the case record, and must be sufficiently specific to make clear to any

subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and

the reasons for that weight."  This requirement "ensures that the ALJ applies the treating physician

rule and permits meaningful review of the ALJ's application of the rule."  *Id.* (quoting *Wilson v.*

*Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)).  Simply stating that the

physician's opinions "are not well-supported by any objective findings and are inconsistent with

other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the

ALJ's assessment.  *Gayheart*, 710 F.3d at 376-77.

    If the ALJ affords less than controlling weight to a treating physician's opinion, the

ALJ must still determine the weight to be afforded such.  *Id.* at 376.  In doing so, the ALJ must

consider the following factors: (1) length of the treatment relationship and frequency of the

examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion,

(4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source,

and (6) other relevant factors.  *Id.* (citing 20 C.F.R. § 404.1527).  While the ALJ is not required to

explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered

those factors relevant to his assessment.  *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir.

2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

In this context, a medical opinion is defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2). As the ALJ recognized, Dr. Makowski did not offer an opinion concerning what Plaintiff can do despite his impairments. (Tr. 20-21). Rather, as the ALJ recognized, the doctor merely opined "that the claimant is not really employable with all of his issues." (Tr. 20). Whether Plaintiff is "employable," however, is a matter reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1). Because Dr. Makowski did not offer a medical opinion to which the ALJ was required to defer, the ALJ was not required to provide good reasons for discounting such. Accordingly, this argument is rejected.

## II.        The ALJ's RFC Determination

A claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 116 (6th Cir., Nov. 18, 2010). Plaintiff argues that the ALJ's RFC fails to sufficiently account for his emotional impairments and limitations. The Court agrees.

While most of the medical record in this matter concerns Plaintiff's various physical ailments, there exists ample evidence that Plaintiff experiences significant emotional impairments.

8

A January 24, 2012 examination revealed that Plaintiff was experiencing "major depression" and "suicidal thinking." (Tr. 343-47). Plaintiff's GAF score was rated as 55 which indicates that Plaintiff was suffering "moderate" symptoms and/or "moderate" difficulty functioning. *See Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 1994) (hereinafter DSM-IV). Treatment notes throughout the year indicated that Plaintiff continued to experience depression. (Tr. 349, 374, 390).

The ALJ concluded that Plaintiff's emotional impairments were not severe and, therefore, did not include in his RFC determination any limitations concerning or resulting from such. A severe impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. § 416.920(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b); *see also*, *Despins v. Commissioner of Social Security*, 257 Fed. Appx. 923, 929 n.2 (6th Cir., Dec. 14, 2007).

The ALJ's determination that Plaintiff's emotional impairments are not severe is not supported by substantial evidence. *See, e.g., Rogers v. Commissioner of Social Security*, 486 F.3d 234, 243 n.2 (6th Cir. 2007) (an impairment "can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience"); *Williamson v. Secretary of Health and Human Services*, 796 F.2d 146, 151 (6th Cir. 1986) (an

impairment is less than severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience").  More significantly, the ALJ's decision not to include in his RFC determination any limitation concerning Plaintiff's depression and anxiety is not supported by substantial evidence.  Again, while the evidence concerning these impairments may not be extensive such is more than sufficient to indicate that these particular impairments are severe and impose some measure of limitation on Plaintiff's ability to perform work activities.  Accordingly, the Court finds that the ALJ's RFC determination is not supported by substantial evidence.

### III.        Remand is Appropriate

The ALJ's conclusion that Plaintiff is not disabled was based on the vocational expert's testimony that if limited to the extent reflected by the ALJ's RFC determination, Plaintiff would still be able to perform his past relevant work.  As discussed above, however, the ALJ's RFC is not supported by substantial evidence and because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence.  *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health*

*and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013).  This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.  The record fails to establish that Plaintiff is entitled, at this juncture, to an award of benefits.  Simply put, evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance.  Accordingly, the Commissioner's decision is reversed and this matter remanded for further factual findings.

**<u>CONCLUSION</u>**

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence.  Accordingly, the Commissioner's decision is **reversed and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.


Date:  July 14, 2015                          /s/ Ellen S. Carmody
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge